NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-44

MARY MASON

VERSUS

BURLINGTON COAT FACTORY OF LOUISIANA, LLC, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20145102
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Van H. Kyzar, Judges.

**AFFIRMED.**

**Alex Z. Stanford**
**Stanford Law Firm**
**P. O. Box 1237**
**Opelousas, LA 70571-1237**
**(337) 948-4113**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Mary Mason**

**Brett Michael Bollinger**
**L. Peter Englande, Jr.**
**Zaunbrecher Treadaway Bollinger, LLC**
**406 N. Florida St., Suite 2**
**Covington, LA 70433**
**(985) 273-3123**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Burlington Coat Factory of Louisiana, LLC**

**Bruce David Beach**
**Law Offices of Keith S. Giardina**
**9100 Bluebonnet Centre Blvd., Suite 300**
**Baton Rouge, LA 70809**
**(225) 293-7272**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Sole Designs, Inc.**

**EZELL, Judge.**

Mary Mason appeals a trial court judgment which granted summary judgment in favor of Burlington Coat Factory of Louisiana. Mrs. Mason filed suit against Burlington when a chair she sat in at the store in Lafayette collapsed.

## FACTS

On October 10, 2013, Mrs. Mason and her husband went to the Burlington store on Ambassador Caffery Parkway in Lafayette. Her husband went into the store, and Mrs. Mason waited in the car. She later went into the store to find her husband. Mrs. Mason walked by a display of chairs on a platform and decided to sit in one of the chairs while she called her husband on her phone. When Mrs. Mason sat down, the chair collapsed, and she hit the platform.

Mrs. Mason testified that a manager and her husband both came into the area where she fell. They tried to determine how the chair collapsed, and when they turned it upside down, they noticed there were no screws in the back legs. The manager then had someone from the back of the store remove the chair and any pieces. Another person then had the chair brought back out so the Masons could take pictures of it. Mrs. Mason also stated that she signed an incident report before she left the store.

After leaving the store, Mrs. Mason went to Our Lady of Lourdes Regional Medical Center where she was given an injection and some medication. Following the accident, she experienced right hip and knee problems in addition to back problems and was treated by several doctors.

On October 6, 2014, Mrs. Mason filed suit against Burlington. Subsequently, on July 21, 2015, Burlington filed a third-party claim against S.O.L.E. Designs, Inc., the designer and manufacturer of the chair seeking

indemnity should it be found liable to Mrs. Mason. On July 5, 2016, S.O.L.E filed a motion for summary judgment, seeking dismissal of the third-party demand. Burlington then filed its own motion for summary judgment on August 23, 2016, seeking dismissal of Mrs. Mason's claims against it.

A hearing on both motions for summary judgment was held on October 10, 2016. The trial court granted Burlington's motion for summary judgment finding that Mrs. Mason failed to establish any factual support that Burlington had actual or constructive notice of the defect. The trial court ruled that res ipsa loquitur was not applicable under the circumstances of this case. The trial court also granted S.O.L.E.'s motion for summary judgment. Mrs. Mason then filed the present appeal. Burlington did not appeal the grant of summary judgment in favor of S.O.L.E. Therefore, the judgment dismissing S.O.L.E. is final. *See Breaux v. Rimmer & Garrett, Inc.*, 320 So.2d 214 (La.App. 3 Cir. 1975).

## SUMMARY JUDGMENT

Mrs. Mason argues that the crucial issue in this case is whether or not the trial court correctly applied the doctrine of res ipsa loquitur to the facts. She claims that the notice requirement for negligence under the Merchant Liability Statute, La.R.S. 9:2800.6, could be imputed from the application of res ipsa loquitur. Mrs. Mason argues that the chair was placed on the sales floor by an employee of the store without the rear legs screwed on. There was no other plausible way this could happen without the employee being aware of this defect. She argues that the doctrine of res ipsa loquitur allows for the inference of negligence in the absence of other equally probable explanations offered by credible witnesses, and no evidence or witnesses were introduced by Burlington as to other plausible explanations.

2

Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action . . . . and shall be construed to accomplish these ends." La.Code Civ.P. art 966(A)(2).[1] In reviewing the trial court's decision on a motion for summary judgment, this court applies a de novo standard of review. *Jackson v. City of New Orleans*, 12-2742, 12-2743 (La. 1/28/14), 144 So.3d 876, *cert. denied*, ____U.S. ____, 135 S.Ct. 197 (2014).

The burden of proof is on the mover unless the mover will not bear the burden of proof at trial, in which case the mover is not required to negate all essential elements of the adverse party's claim, but only to point out to the court the absence of factual support for one or more of the elements necessary to the adverse party's claim. La.Code Civ.P. art. 966(D)(1). "The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

"After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.

*Jackson*, 144 So.3d at 882.

---

[1]Louisiana Code of Civil Procedure Article 966 was amended by Acts 2015, No. 422, and was effective January 1, 2016, so the amendment applies in this case since the hearing on the motions was heard on October 10, 2016.

In order to prevail in an action against a merchant for a fall, one of the elements a plaintiff must establish is that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." La.R.S. 9:2800.6(B)(2).

Res ipsa loquitur is a rule of circumstantial evidence inferring negligence and applying when the facts of the case indicate that the negligence of the defendant is the most probable cause of the accident. *Cangelosi v. Our Lady of the Lake Reg'l Med. Ctr.*, 564 So.2d 654 (La.1989). A plaintiff must still prove negligence, but with proof of the accident and enough attending circumstances, the burden shifts to the defendant. *Id.* Nevertheless, application of the doctrine is defeated if there is some other plausible explanation for the accident other than the defendant's negligence. *Id.*

Three criteria must be satisfied to establish the application of res ipsa loquitur:

> (1) the injury is of the kind which does not ordinarily occur in the absence of negligence on someone's part; (2) the evidence sufficiently eliminates other more probable causes of the injury, such as the conduct of the plaintiff or of a third person; and (3) the alleged negligence of the defendant must be within the scope of the defendant's duty to the plaintiff.

*Linnear v. CenterPoint Energy Entex/Reliant Energy*, 06-3030, p. 10 (La. 9/5/07), 966 So.2d 36, 44.

In support of its motion for summary judgment, Burlington offered the deposition of Mrs. Mason. Mrs. Mason explained that the chair was on a platform in the store to be sold. She admitted the chair was not in an area designated as seating for customers but was on a display. The chair had four legs with a back but no arm rests. She did not see any problems with the chair before she sat in it. After her husband and the manager examined the chair, they noticed the back legs

4

did not have screws in them. Mrs. Mason testified that she did not know if the store knew of any problem with the chair before the accident.

Other than Mrs. Mason's deposition, no other evidence in the record. Mrs. Mason relies on the fact that the two back legs of the chair were missing screws. She argues that the court should assume that an employee at Burlington assembled the chair and failed to insert the screws into the legs.

The burden in this case never switched to Burlington because Mrs. Mason failed to offer enough evidence of attending circumstances for the doctrine of res ipsa loquitur to apply. First, Mrs. Mason never offered proof that Burlington assembled the chair before it was placed on the floor. Burlington may have received the chair already assembled. Also, as pointed out by the trial court, it is just as possible that a third party removed the screws from the legs after it was placed on the floor.

We find that there is no proof of actual or constructive knowledge of the missing screws. We further find that Mrs. Mason is not entitled to the application of the doctrine of res ipsa loquitur as there are other plausible explanations for the missing screws aside from Burlington failing to place the screws in the chair which Mrs. Mason has failed to discredit or even cast doubt on. Therefore, we agree with the trial court that the doctrine of res ipsa loquitur is not applicable and that Burlington was entitled to summary judgment in its favor.

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Mary Mason.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.